**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**ADRIENNE ARTHUR**                                                                    **PLAINTIFF**

**v.**                                                        **CIVIL ACTION NO.** 3:23-cv-571-HTW-LGI

**EMPIRE RIDGELAND LLC**                                                    **DEFENDANT**

**COMPLAINT**
**JURY TRIAL DEMANDED**

**COMES NOW** the Plaintiff, Adrienne Arthur, by and through her counsel, Watson & Norris, PLLC, and files this action to recover damages for violations of her rights under the Fair Labor Standards Act against Defendant, Empire Ridgeland LLC.  In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

**THE PARTIES**

1.       Plaintiff, Adrienne Arthur, is an adult female who resides in Rankin County, Mississippi.

2.       Defendant, Empire Ridgeland LLC, is a Washington state limited liability corporation that may be served with process by serving its registered agent: Robert Heisler, 6485 I-55 Frontage Road N, Ridgeland, Mississippi 39157.

**JURISDICTION AND VENUE**

3.       This Court has federal question jurisdiction.

4.       Jurisdiction is proper as the claims are brought pursuant to the FLSA to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

5.       The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C.§1337 and the FLSA, 29 U.S.C.§216(b).

1

## STATEMENT OF FACTS

6.      Plaintiff is a 45-year-old female resident of Rankin County, Mississippi.

7.      Plaintiff was hired on December 5, 2022, as an Executive Housekeeper at Empire Ridgeland LLC (ER).

8.      Beginning during February 2023, Plaintiff began making complaints to Human Resources Representative Catoya Boone that General Manager Kayla Rogers was shaving time off employee time sheets so that Plaintiff and other employees were being underpaid.

9.      Specifically, employees who worked over 40 hours were having their time sheets shaved so that they were only paid for 40 hours, i.e., no overtime.

10.     After similar complaints from other laundry department employees to Ms. Boone about the time shaving with no resolution to the matter, around April 10-12, 2023, Plaintiff contacted the Mississippi Wage & Hour Division to report the shaving of time by Ms. Rogers.

11.     On or about April 17, 2023, Owners Dennis and Theresa Marlin came to the hotel property to address the issue of why the laundry department seemed unable to keep employees from quitting.

12.     On April 17, 2023, Plaintiff emailed Ms. Marlin and wrote, "After meeting you today and seeing you were honestly concerned with staffing and our issue with retaining employees my department hours are being shaved if one of my team works anything over 40 there hours are being cut she moves those hours over to days that they

didn't work…I understand you all don't like to pay overtime and I try to stay within these time restrictions but being understaffed it's sometime necessary and to work and not get your pay they quit…"

13.    On or around April 18, 2023, the owners terminated Ms. Rogers and a new General Manager, Todd Glass, was hired.

14.    On or about May 3, 2023, Regional Director Reggie Richardson approached Plaintiff.

15.    Mr. Richardson asked Plaintiff if she would consider the matter with the shaved time dealt with if she was back paid 30 hours of her regular pay rate and ten hours of overtime.

16.    Plaintiff asked if the other housekeepers who had also had their time shaved would be reimbursed as well, but Mr. Richardson said they would not.

17.    Plaintiff then refused this offer.

18.    On May 5, 2023, Senior Investigator for the Mississippi Wage & Hour Division of the Department of Labor Anthony Friday went to ER to investigate Plaintiff's claims.

19.    Initially the owners did not notify Plaintiff that Mr. Friday was there and merely talked about Mr. Friday as "a guest" that was present.

20.    During his stay, however, Mr. Friday asked to speak to Plaintiff, so he met with her and spoke with her about what she had reported previously.

21.    On May 17, 2023, Ms. Boone informed Plaintiff that she was terminated, allegedly due to time theft.

22.     Ms. Boone alleged that on May 7, 2023, Plaintiff clocked out on her phone while not at work.

23.     Plaintiff contends that ER had recently switched to a new system for timekeeping, and she had been locked out of her iPad, i.e., the way she had previously clocked out.

24.     For that reason, she was forced to clock out using her phone.

25.     Plaintiff further contends this situation was well known to ER personnel and understood since employees were still getting accustomed to the new clock in/out system.

26.     That same day, May 17, 2023, at 8:16 a.m., Plaintiff texted Mr. Marlin to address the matter of her termination by Ms. Boone.

27.     Later that morning, at 11:36 a.m., Mr. Marlin texted back to Plaintiff and wrote, "Hey Adrienne, I am so sorry that it has come to this. I spoke with Cotoya and she filled me in on the concerns. I am disappointed to hear that you were engaged in these activities.  Cotoya insisted that you contact her going forward due to legal concerns…"

28.     Two minutes later, in response to Mr. Marlin, Plaintiff texted, "What activities? I'm confused it was a one day missed punch".

29.     Even later that day (May 17, 2023), at 2:13 p.m., Mrs. Marlin phoned Plaintiff and offered her (Plaintiff) a reinstatement of her job.

30.     Plaintiff was not sure, and Mrs. Marlin encouraged her to think about it.

31.     On May 18, 2023, Ms. Boone phoned Plaintiff and informed her (Plaintiff) that ER had been found guilty of the wage violation allegations that Plaintiff had reported to the Mississippi Wage & Hour Division of the Department of Labor.

32.    Consequently, therefore, Ms. Boone stated that Ms. Marlin's offer of reinstatement of employment was off the table.

## CAUSES OF ACTION

## COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT

33.    Plaintiff alleges and incorporates all averments set forth in paragraphs 1 through 34 above as if fully incorporated herein.

35.    Plaintiff was a non-exempt employee and subject to the provisions of the Fair Labor Standards Act as it pertains to whether or not Plaintiff was entitled to overtime pay for all overtime hours worked.

36.    The Fair Labor Standards Act requires that employees be paid an overtime premium at a rate not less than one and one-half (1 ½) times the regular rate at which they are employed for all hours in excess of forty (40) hours in a work week. 29 U.S.C. § 207(a).

37.    Plaintiff has not been properly paid overtime compensation under the Fair Labor Standards Act at a rate of 1 ½ her regular rate of pay.

38.    The acts of the Defendant constitute a willful intentional violation of the Fair Labor Standards Act and entitle Plaintiff to liquidated damages and attorney fees.

## COUNT II:  VIOLATION OF THE FLSA - RETALIATION

39.    Plaintiff incorporates by reference all preceding facts as set forth in Paragraphs 1 through 38.

40.    It is unlawful for any employer to discharge or retaliate against any individual for opposing any practice made unlawful by the FLSA.

41.    As a result of Defendant's retaliatory acts described above, Plaintiff has suffered and continues to suffer significant lost pay and benefits.

42.    The willful conduct of Defendant is evidenced by a consciously indifferent attitude towards employee's rights under the FLSA and its subsequent retaliation against Plaintiff.  As a result of this conduct, liquidated damages should be assessed against Defendant.

43.    Plaintiff also seeks all other relief, at law or in equity, to which she may show herself justly entitled.

## PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED,** Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1.    Back wages and reinstatement; or
2.    Future wages in lieu of reinstatement;
3.    Liquidated damages;
4.    Attorney's fees;
5.    Lost benefits;
6.    Pre-judgment and post-judgment interest;
7.    Costs and expenses; and
8.    Such further relief as is deemed just and proper.

THIS the 1st day of September 2023.

Respectfully submitted,

ADRIENNE ARTHUR, Plaintiff

By: /s/Louis H. Watson, Jr.
     Louis H. Watson, Jr.  (MB# 9053)
     Nick Norris (MB# 101574)
     Attorneys for Plaintiff

6

OF COUNSEL:

WATSON & NORRIS, PLLC
4209 Lakeland Drive # 365
Flowood, MS 39232-9212
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com
Web:  www.watsonnorris.com